UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| CHARLES LORENZO GREGORY, | Civil No. 12-1736 (MJD/AJB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| MICHAEL MENARD, | |
| Defendants. | |

Plaintiff, an inmate at the Federal Correctional Institution in Sandstone, Minnesota, ("FCI-Sandstone"), has filed a complaint seeking redress for personal injuries that he allegedly has suffered during his imprisonment. (Docket No. 1.) The matter is presently before this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint cannot survive the initial screening process mandated by § 1915A. The Court will therefore recommend that this action be summarily dismissed.

## I. BACKGROUND

Plaintiff alleges that in July 2011, he accidently cut off the tip of one of his fingers while working in the kitchen at FCI-Sandstone. He received medical care for his injury from

---

[1] Plaintiff did not pay the $350 filing fee required for this action, (see 28 U.S.C. § 1914(a)), but instead filed an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) By order dated July 30, 2012, (Docket No. 3), Plaintiff was advised that his IFP application would not be addressed, and his case would not go forward, until after he paid an initial partial filing fee of $47.33, as required by 28 U.S.C. § 1915(b)(1). Plaintiff has now paid his initial partial filing fee, (plus an additional $10.70), so this case is now ripe for § 1915A screening.

the prison's medical staff. Sometime after the injury and initial treatment, Plaintiff received further medical attention from Defendant Michael Menard, who is identified as a "medical technician" at FCI-Sandstone. Defendant Menard allegedly wrapped Plaintiff's injured finger too tightly, and thereby exacerbated the injury. According to the complaint, Plaintiff expects his left hand to be permanently impaired as a result of the medical treatment rendered by Defendant Menard.

Plaintiff alleges, plainly and repeatedly, that the exacerbated injury described in his complaint was caused by Menard's "negligence" and "incompetence." Moreover, Plaintiff has previously applied for administrative relief under the Federal Tort Claims Act, ("FTCA"), which is fully consistent with his allegations of medical negligence and incompetence.

In the present action, Plaintiff is attempting to bring an FTCA claim based on Defendant Menard's alleged medical malpractice. However, the complaint also indicates that Menard is being sued, individually, for allegedly violating Plaintiff's constitutional rights under the Eighth Amendment. Plaintiff is seeking a judgment in the amount of $500,000.00 to compensate him for alleged permanent injuries to his left hand.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from a government employee, his complaint must be screened pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act, ("PLRA"), requires federal courts to review the pleadings in every prisoner lawsuit against governmental entities and employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." The Court must determine which aspects of the prisoner's pleading are actionable and should be allowed to proceed. If the complaint fails to state a cause of action on which relief can be

granted, the case must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

In this case, it is not entirely clear whether Plaintiff is attempting to bring a medical malpractice claim under the FTCA, or whether he is attempting to sue Defendant Menard under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), for allegedly violating Plaintiff's constitutional rights under the Eighth Amendment.[2] For Plaintiff's benefit, the Court has considered both of those possibilities.

A. Medical Malpractice

As previously noted, Plaintiff's submissions include numerous references to "negligence" and "incompetence," and it appears that he has previously sought administrative relief under the FTCA. This clearly suggests that Plaintiff is presently attempting to bring a common law medical malpractice claim under the FTCA.

The FTCA, (28 U.S.C. §§ 2671 et seq.), provides an express waiver of the federal government's immunity for claims based on certain torts, including medical malpractice, committed by federal agents. United States v. Orleans, 425 U.S. 807, 813 (1976). FTCA claims are subject to, and governed by, the substantive law of the state in which the claims arose. 28 U.S.C. § 1346(b). Because Plaintiff's malpractice claims arose in Minnesota, they are governed by Minnesota state law.

Minn.Stat. § 145.682 is a Minnesota law that applies to all medical malpractice actions brought in Minnesota, including malpractice claims brought under the FTCA. Oslund v. United States of America, 701 F.Supp. 710 (D.Minn. 1988); Bellecourt v. United States, 784 F.Supp. 623, 636 (D.Minn. 1992), aff'd 994 F.2d 427 (8th Cir. 1993), cert.

---

[2] Bivens allows a person to sue a federal employee who allegedly violated his constitutional rights.

3

denied, 510 U.S. 1109 (1994); Anderson v. United States of America, No. Civ. 5-96-235 (JRT/RLE), 1998 WL 92460 (D. Minn. 1998). Section 145.682 requires every plaintiff in a Minnesota medical malpractice case to furnish two affidavits in support of his or her claims. These two affidavits have been described as follows:

> "The first affidavit ('expert review affidavit') <u>must be submitted with the complaint</u> and state that before commencing the lawsuit, plaintiff's attorney reviewed the facts of the case with a medical expert who believed that at least one defendant named in the suit deviated from the applicable standard of care and thereby injured the plaintiff.... [3]
>
> The second affidavit ('expert disclosure affidavit') must be served upon the defendant within 180 days after commencement of the suit and identify each expert plaintiff intends to call at trial, disclose the substance of the facts and opinions to which the expert will testify, and provide a summary of the grounds for each opinion."

Bellecourt, 784 F.Supp. at 636, citing Minn.Stat. § 145.682, subd. 2, subd. 3, and subd. 4, (emphasis added). If a medical malpractice complainant fails to meet either of the two affidavit requirements set forth in § 145.682, the statute provides for "mandatory dismissal." Minn.Stat. § 145.682, subd. 6; Stroud v. Hennepin County Medical Center, 556 N.W.2d 552 (Minn. 1996); Lindberg v. Health Partners, Inc., 599 N.W.2d 572 (Minn. 1999).[4] Here, Plaintiff has not complied with Minn.Stat. § 145.682, because his complaint is not accompanied by the expert review affidavit that is required by § 145.682, subd. 2(1) and

---

[3] If the plaintiff is not represented by counsel, he must file his own affidavit of expert review in lieu of an attorney's affidavit. Minn.Stat. § 145.682, subd. 5.

[4] A plaintiff can be excused from the statutory affidavit requirements if the defendant's liability can be established without any expert testimony. Minn.Stat. § 145.682, subd. 2; Bellecourt, 784 F.Supp. at 637. If, for example, a surgeon clearly amputated the wrong limb, expert testimony presumably would not be required to establish negligence. In the present case, it is not self-evident that Defendant Menard committed medical malpractice, and the Court finds that Plaintiff could not prove a medical malpractice claim against Menard without presenting expert witness testimony.

4

subd. 3(a). Because Plaintiff has not submitted the mandatory expert witness affidavit required by Minnesota law, he has failed to state an actionable FTCA malpractice claim. Tineo v. Fed. Bureau of Prisons, No. Civ. 05-724 (ADM/SRN), (D.Minn. 2005), 2005 WL 1745451 at *3 (dismissing prisoner's medical malpractice claims for failure to submit expert review affidavit), aff'd, 199 Fed.Appx. 586 (8th Cir. 2006) (unpublished opinion).

### B. Bivens claim

Plaintiff's complaint also refers to the Eighth Amendment, which suggests that he might be attempting to bring a Bivens claim based on an alleged violation of his constitutional rights under the Eighth Amendment. "It has long been established that prison officials violate a prisoner's Eighth Amendment right to be free from cruel and unusual punishment when the officials are deliberately indifferent to the prisoner's serious medical needs." Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) ( citing Estelle v. Gamble, 429 U.S. 97, 104 (1976). However, Plaintiff's complaint does not state an actionable Bivens/Eighth Amendment claim against Defendant Menard, because there are no factual allegations showing that Menard was deliberately indifferent to Plaintiff's medical needs. All of Plaintiff's submissions indicate that Plaintiff was injured because Menard was negligent or incompetent, not because he was malevolent.

It is well settled that in prisoner civil rights actions "[t]o state a claim based on inadequate medical treatment ... [t]he plaintiff must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) (citations omitted). The Supreme Court has explicitly held that "negligen[ce] in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under

5

the Eighth Amendment." Estelle, 429 U.S. at 106 (emphasis added).

Again, Plaintiff has alleged no facts showing that Defendant Menard was deliberately indifferent to his medical needs. To the contrary, the allegations in Plaintiff's complaint clearly indicate Menard did not deliberately disregard Plaintiff's medical needs, but rather, Menard treated Plaintiff's medical needs negligently or incompetently. Therefore, Plaintiff has plainly failed to plead an actionable Eighth Amendment claim against Menard.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's complaint does not state any cause of action on which relief can be granted. Plaintiff has failed to plead an actionable FTCA claim for medical malpractice, because he has not met the requirements of Minn.Stat. § 145.682. He also has not stated an actionable Bivens/Eighth Amendment claim, because the allegations in his complaint indicate that Defendant Menard was negligent or incompetent, and not deliberately indifferent. The Court will therefore recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).

The Court will also recommend that Plaintiff's application for leave to proceed in forma pauperis, (see n. 1, supra), be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff will remain liable for the unpaid balance of the $350 filing fee.[5] To date, he has paid only $58.03, so he still owes $291.97.

---

[5] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that

6

Prison officials will have to deduct that amount from Plaintiff's institutional trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Finally, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. This action be **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915A(b);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely $291.97, in accordance with 28 U.S.C. § 1915(b)(2); and

4. For purposes of 28 U.S.C. § 1915(g), this action be dismissed "on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

Dated: September 25, 2012

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before October 9, 2012.

---

the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").